ACCEPTED
06-15-00138-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/14/2015 3:33:49 PM
DEBBIE AUTREY
CLERK

Nos. 06-15-00138-CR; 06-15-00139-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/14/2015 3:33:49 PM
DEBBIE AUTREY
Clerk

**In the
Sixth Court of Appeals
at Texarkana, Texas**

_____

Adeli Medina Carranza,

Appellant,

v.

The State of Texas,

Appellee.

_____

On Appeal from the
6th District Court of Lamar County
Hon. William Harris, Presiding

_____

**APPELLANT'S BRIEF**

(IN ACCORDANCE WITH *ANDERS V. CALIRFORNIA*)

DON BIARD
STATE BAR NO. 24047755
COUNSEL FOR APPELLANT

**ORAL ARGUMENT NOT REQUESTED**

## PREAMBLE

I have submitted this brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *High v. State,* 573 S.W.2d 807 (Tex. Crim. App. 1978). After having carefully examined this record and after having researched the relevant issues and case law, I have concluded that this appeal presents only legally frivolous issues. Therefore, I request the Court's permission to withdraw as attorney of record and to allow Appellant, Adeli Medina Carranza, to file any further briefs he deems necessary.

## IDENTITY OF PARTIES AND COUNSEL

*Defendant Below*
*Appellant in this Court*

Adeli Medina Carranza

Counsel for Appellant:
    Don Biard                 (on appeal)
    State Bar No. 24047755
    38 First Northwest
    Paris, Texas 75460
    Tel:  (903)785-1606
    Fax: (903)785-7580

    David C. Turner, Jr.         (at trial)
    State Bar No. 20337000
    1116 Lamar Avenue
    Paris, Texas 75460
    Tel:  (903)785-8511
    Fax:  (903)785-8513

*Appellee in this Court*

The State of Texas

Counsel for Appellee:
    Lamar County District and County Attorney's Office
    119 N. Main Street
    Paris, Texas 75460
    Tel:  (903)737-2458
    Fax: (903)737-2455

# TABLE OF CONTENTS

Preamble................................................................................................1

Identity of Parties and Counsel……………………..………………….....................2

Table of Contents………………………………..…………………….....................3

Index of Authorities……………………………….………….....................4

Statement of the Case……………………………………….....................5

Issues Presented……………………….…………………….....................5

Procedural History……………………..……………….....................6-7

Facts…………………………………………………….................8-9

Argument and Authorities……………………………….................10-15

Prayer………………………………………………….....................16

Certificate of Service…………………………………….....................17

Certificate of Compliance with TRAP 9.4(i)(3).......................................18

# INDEX OF AUTHORITIES

## Caselaw

*Anders v. California*, 386 U.S. 738 (1967)………………..……………..…..1,16

*High v. State,* 573 S.W.2d 807 (Tex. Crim. App. 1978)……………..………....1,16

## Statutes

Tex. Pen. Code §12.42.......................................................................................6

Tex. Pen. Code §46.04 …………………………………….....................6

Tex. Health & Safety Code §481.115………………………………………6

Tex. Health & Safety Code §481.134………………………………………6

Tex. Govt. Code §25.0003.............................................................................10

Tex. Govt. Code §25.1412.............................................................................13

## Rules of Procedure

Tex. Code Crim. Pro. Art. 26.13………………………………………….…11

## STATEMENT OF THE CASE

*Nature of the Case:*          Guilty plea to one charge of Possession of a Controlled Substance in a Drug Free Zone and one charge of Unlawful Possession of a Firearm by a Felon

*Trial Court:*          The Honorable William Harris
6th District Court, Lamar County, Texas

*Trial Court Disposition:*          The trial court accepted Appelant's guilty plea, found Appellant guilty of the charged offenses, and sentenced Appellant to 18 years' imprisonment.

## ISSUES PRESENTED

My review of the record reveals no issues which can be advanced in good faith. Any arguable points that could exist would arise from Appellant's guilty plea and/or his subsequent sentencing. Thus, the questions raised in this *Anders* appeal are:

**I.  Whether the trial court erred in denying Appellant's request for new trial counsel?**

**II.  Whether the trial court reversibly erred at Appellant's guilty plea?**

**III. Whether the trial court reversibly erred at Appellant's sentencing?**

## PROCEDURAL HISTORY[1]

On February 12, 2015, a grand jury indicted Appellant for unlawful possession of a firearm by a felon, a third degree felony in violation of Texas Penal Code §46.04.[2] On April 5, 2015, a grand jury indicted Appellant for Possession of Methamphetamine in an amount more than one gram but less than four grams within 1000 feet of a school, also a third degree felony in violation of Texas Health and Safety Code §481.115 and §481.134.[3] Appellant was also alleged to have been a repeat offender under the provisions of Texas Penal Code 12.42(b).[4]

On June 19, 2015, Appellant plead guilty to the charged offenses and pled true to the drug free zone finding.[5] The plea of guilty was made pursuant to a plea bargain in which the defendant would have the trial judge assess punishment. There was no cap placed on the permitted punishment.[6] On July 8, 2015, a sentencing hearing was held and the court sentenced Appellant to 10 years' imprisonment on the unlawful possession of a firearm charge and 18 years'

---

[1] All references to the record on appeal are made in the following manner: CR, pg.# and RR, pg.#. CR designates the Clerk's Record and RR designates the Reporter's Record, followed by the particular page in that record. CR, Vol. 1, designates the Clerk's Record in Cause No. 26122. CR, Vol. 2, designates the Clerk's Record in Cause No. 26186.
[2] CR, Vol. 1, pg. 7
[3] CR, Vol. 2, pg. 11
[4] CR, Vol. 2, pg. 14
[5] RR, Vol. 2, pg. 28, 34
[6] CR, Vol. 1, pg. 45

6

imprisonment on the possession of methamphetamine charge.  The sentences were

ordered to run concurrently.[7]  Appellant timely filed notice of appeal.[8]

[7] RR, Vol. 3, pg. 116
[8] CR, Vol. 1, pg. 69

## FACTUAL BACKGROUND

In January 2015, Leigh Foreman, a detective with the Paris Police Department, received information that someone was selling drugs from a room at a local hotel. That hotel is located near a daycare and preschool as well as an elementary school.[9]

On January 19, 2015, Detective Foreman and another detective went to the hotel to investigate.[10] Detective Foreman knocked on the door of the one rooms at the hotel and found Appellant inside.[11] Detective Foreman testified he noticed the odor of marijuana coming from inside the room.[12]

Detective Foreman talked to Appellant in the doorway of the room. At some point, they became engaged in a struggle.[13] During the struggle, Foreman noticed Appellant kept reaching towards a trash can with his right hand.[14] Foreman eventually subdued Appellant.

A search of Appellant's room uncovered two handguns – a .38 caliber revolver in a trash can by the door and a .380 semi-automatic handgun in the

---

[9] RR, Vol. 3. Pg. 9-10
[10] RR, Vol. 3, pg. 9
[11] RR, Vol. 3, pg. 13
[12] RR, Vol. 3, pg. 13
[13] RR, Vol. 3, pg. 14
[14] RR, Vol. 3, pg. 15

opposite corner of the room.[15]  The detectives also found 1.36 grams of

methamphetamine in the room.[16]

---

[15] RR, Vol. 3, pg. 18
[16] RR, Vol. 3, pg. 22

## SUMMARY OF THE ARGUMENT

Appellate counsel has reviewed the record thoroughly and has failed to identify any legally non-frivolous issues. The only areas in which arguable issues could arise would be: (1) the trial court's denial of Appellant's request for new trial counsel; (2) the guilty plea; and (3) the sentencing.

The record does not show that the trial court erred in failing to appoint Appellant new trial counsel. The record shows the trial court substantially complied with Tex. Code Crim. Pro. Art. 27.13 and Art. 26.13 when accepting Appellant's plea. The trial court also issued a sentence within the permissible range of punishment, and within the parameters of Appellants's plea bargain, when it sentenced Appellant to 18 years' imprisonment.

## I. Whether the trial court reversibly erred in failing to appoint Appellant a different attorney?

### Analysis

Prior to entering his plea, Appellant asked the trial court to appoint him new trial counsel.[17] The trial court denied this request.

The record contains insufficient evidence to make a good faith argument that Appellant's appointed trial counsel was ineffective or that the trial court erred in failing to appoint Appellant new trial counsel.[18]

---

[17] RR, Vol. 2, pg. 5
[18] RR, Vol. 2, pgs. 5-11

**II. Whether the trial court reversibly erred in accepting Appellants's guilty plea?**

### Analysis

Appellate counsel has reviewed the record in detail and has identified no action or inaction on the trial court's part that suggests harmful error during the plea admonishments. Nor has counsel identified any aspect of the plea hearing that would suggest Appellant's plea was involuntary. In fact, the record shows that both the trial judge and Appellant's trial counsel spent considerable time on the record informing Appellant about the effect of a guilty plea.[19] The trial court fulfilled all of the requirements of Article 26.13 of the Code of Criminal Procedure when accepting Appellant's plea. These admonishments were given orally by the judge.[20] In addition, these admonishments were made in writing and signed by Appellant and his attorney.[21]

This Court's review of the plea hearing will confirm that the trial court properly inquired into the necessary relevant areas before accepting Appellant's plea. If the trial court omitted some necessary admonishments or inquiries, those omissions were harmless.

---

[19] RR, Vol. 3, pgs. 11-23
[20] RR, Vol. 3, pgs. 26-37
[21] CR, Vol 1, pgs. 45-56; CR, Vol. 2, pgs. 27-38; *also see* Tex. Code Crim. Pro. Art. 26.13(d)

If a trial court fails to substantially comply with Article 26.13, a harm analysis is conducted under Tex. R. App. Pro. 44.2(b).  Under that analysis, any error that does not affect the substantial rights of the accused must be disregarded. Viewed against the backdrop of its more-than-substantial compliance with Article 26.13, the trial court's actions to do not give rise to any non-frivolous appellate challenge.

**III. Whether the trial court reversibly erred at Appellant's sentencing?**

**Analysis**

**a. Jurisdiction of the Trial Court**

Appellant's case was assigned to the 6th District Court. However, his guilty plea and sentencing hearing were heard by Judge William Harris, presiding judge of the Lamar County Court at Law.

By statute, the judge of the Lamar County Court at Law has jurisdiction to accept guilty pleas in all felony cases.[22] Further, the judge of the Lamar County Court at Law may exchange benches with a judge of a district court and act in any manner pending before the district court.[23]

**b. Disproportionate Sentence**

Appellant was sentenced to serve 18 years' in prison on the possession of methamphetamine charge and 10 years' in prison on the unlawful possession of a firearm charge. The sentences were ordered to run concurrently.

Appellant faced a minimum sentence of 7 years' imprisonment and a maximum sentence of 20 years' imprisonment for the drug charge and 10 years' imprisonment for the firearm charge. This amounted to an effective maximum sentence of 30 years' imprisonment if the maximum punishment had been assessed on each charge and the sentences had been ordered to run consecutively.

---

[22] Tex. Govt. Code §25.1412(a)(1)(C)
[23] Tex. Govt. Code §25.1412(n)

The trial court's sentence of 18 year's imprisonment fell roughly halfway between the minimum and maximum possible sentences. There is no evidence that this sentence exceeds those given for similar crimes in this jurisdiction. Further, there were several aggravating factors for the trial court to consider including Appellant's criminal history, Appellant's struggle with a police officer during the arrest, and Appellant's perceived lack of candor during his testimony.[24]

Considering all of the above, counsel for Appellant is unable to make a good faith argument that Appellant's sentence was excessive on a constitutional dimension.

---

[24] RR, Vol. 4, pg. 114; RR, Exhibits 8-11

**PRAYER**

In accordance with *Anders v. California* and *High v. State*, I have examined the record for issues which might reasonably support an appeal. In my opinion, there are none. Consequently, I respectfully move to withdraw from this case in accordance with *Anders* and *High* and ask the Court to rule on this appeal accordingly.

Respectfully Submitted,


**/s/ Don Biard_____**
Don Biard
State Bar No. 24047755
McLaughlin, Hutchison & Biard, LLP
38 First Northwest
Paris, Texas 75460
Tel: (903)785-1606
Fax: (903)785-7580
Counsel for Appellant

16

# CERTIFICATE OF SERVICE

I certify that on December 14, 2015 a copy of the foregoing Appellant's Brief was served to the following parties by the method indicated below.

/s/   **Don Biard**            //
Don Biard

**Via Email and Hand Delivery**
Hon. Gary Young
Lamar County District Attorney's Office
119 N. Main Street
Paris, Texas 75460
Tel:  (903)737-2458
Fax: (903)737-2455

**Via Certified Mail RRR**
Adeli Medina Carrana #02012148
Hutchins Unit
1500 E. Langdon Rd.
Dallas, TX 75241

## CERTIFICATE OF COMPLIANCE PURSUANT TO TEXAS RULE OF APPELLATE PROCEDURE 9.4(i)(3)

_____

TO THE HONORABLE COURT OF APPEALS:

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, Counsel for Appellant files this certification that Appellant's brief is a computer-generated document that contains 1,980 words. Counsel further certifies that he relied on the word count of the computer program used to prepare this document.

Respectfully submitted,

**/s/ Don Biard                    //**
Don Biard
State Bar No. 24047755
McLaughlin, Hutchison & Biard
38 First Northwest
Paris, Texas 75460
Tel: (903)785-1606
Fax: (903)785-7580
Attorney for Appellant